IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAKOOR TRAPP,** | : | CIVIL ACTION NO. 1:21-CV-1854 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **WARDEN OBERLANDER,** | : | |
| | : | |
| Respondent | : | |

**MEMORANDUM**

This is a habeas corpus case filed under 28 U.S.C. § 2254 in which petitioner Shakoor Trapp seeks habeas corpus relief based on a 2014 conviction and sentence in the Lycoming County Court of Common Pleas. We will dismiss the petition with prejudice as untimely.

**I.      Factual Background & Procedural History**

On September 12, 2014, Trapp was convicted of attempted murder, aggravated assault, burglary, criminal trespass, possession of an instrument of crime, reckless endangerment of another person, and simple assault following a jury trial in the Lycoming County Court of Common Pleas. Commonwealth v. Trapp, 239 A.3d 101 (tbl.), No. 1785 MDA 2019, 2020 WL 4282311, at *2 (Pa. Super. Ct. July 27, 2020). Trapp was sentenced to an aggregate term of imprisonment of thirty-two and a half to sixty-five years. Id. He filed a direct appeal of his conviction to the Pennsylvania Superior Court, which affirmed the judgment of sentence on July 13, 2016. Id. He did not appeal to the Pennsylvania Supreme Court. Id.

On November 4, 2016, Trapp filed a timely petition for state collateral review under Pennsylvania's Post-Conviction Relief Act ("PCRA"). Id. The Court of Common Pleas granted the petition to the extent that Trapp sought an order compelling the Commonwealth to provide forensic testing data to a third-party laboratory but denied the petition in all other respects. Id. Trapp appealed, and the Superior Court upheld the denial of the petition on July 27, 2020. Id. at *6. Trapp did not appeal the Superior Court's ruling.

Trapp filed the instant petition on October 27, 2021, and the court received and docketed the petition on November 1, 2021. (Doc. 1). Trapp asserts that he is entitled to habeas corpus relief because: (1) police obtained evidence against him that was derived from a constitutionally deficient identification procedure; (2) he was not afforded an evidentiary hearing during the state PCRA proceedings and the PCRA court committed several procedural errors; (3) his counsel during the PCRA proceedings provided ineffective assistance of counsel; (4) the trial court erroneously admitted certain testimony against Trapp; and (5) prosecution of the case violated the Double Jeopardy Clause. (Id.) Trapp moved for the appointment of counsel and to stay the statute of limitations applicable to his petition on the same day. (Docs. 2-3). He subsequently filed an additional motion to appoint counsel and an additional motion to stay, both of which appear to be duplicates of the original motions. (See Docs. 7-8.)

Given the apparent untimeliness of Trapp's petition, the court issued an order in accordance with United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005), on November 10, 2021 requiring Trapp to show cause on or before December 10,

2021 as to why the petition should not be dismissed as untimely. (Doc. 10). To date, Trapp has not responded to the order.[1]

## II. Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4.

## III. Discussion

Dismissal of this case under Rule 4 is appropriate because Trapp's petition is untimely. Petitions for writ of habeas corpus under 28 U.S.C. § 2254 are subject to a one-year statute of limitations, which begins to run from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

---

[1] The copy of the November 10, 2021 order that was initially mailed to Trapp erroneously included an incorrect inmate number on the envelope. The Clerk of Court noticed the error before the mail was returned to the court and remailed the order with the correct inmate number on November 22, 2021. The copy of the order that was originally sent was returned to the court as expected on November 24, 2021, but because the Clerk of Court had already mailed an additional copy of the order on November 22, 2021, the court determined that no additional mailing was necessary. There is no indication in the record that the copy of the order sent on November 22, 2021 subsequently failed to reach Trapp. Accordingly, the court assumes that Trapp has received a copy of the court's order.

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief in state court.  Id. § 2244(d)(2).  The limitations period may also be tolled under the equitable tolling doctrine or the actual innocence exception, both of which must be established by petitioner.  See id. at 418; McQuiggin v. Perkins, 569 U.S. 383, 386 (2013).

Under § 2244, Trapp had one year from the date his conviction became final to seek federal habeas corpus relief via 28 U.S.C. § 2254.  See 28 U.S.C. § 2244(d)(1)(A).[2]  Trapp's conviction became final on August 12, 2016, when the time for seeking a direct appeal to the Pennsylvania Supreme Court expired.  See Pa. R. App. P. 903.

Trapp filed a timely PCRA petition on November 4, 2016, which statutorily tolled the limitations period for his federal habeas corpus petition.  See 28 U.S.C. § 2244(d)(2).  At that point, 84 days had elapsed towards the end of the limitations period.  The statutory tolling period ended on August 26, 2020, which was the deadline for Trapp to appeal the denial of his PCRA petition to the Pennsylvania Supreme Court.  Thus, because 84 days had already elapsed towards the end of the limitations period, Trapp was required to file his petition for writ of habeas corpus

---

[2] Section 2244(d)(1) provides for other triggering events of the one-year limitations period, but none apply here.  See 28 U.S.C. § 2244(d)(1)(B)-(D).

within 281 days of August 26, 2020, or no later than June 3, 2021. Trapp's petition, which was not filed until November 1, 2021, is facially untimely and is subject to dismissal unless he can show that the equitable tolling doctrine or the actual innocence exception applies.

The equitable tolling doctrine allows a court to toll the one-year limitations period when the petitioner has been pursuing his rights diligently, but extraordinary circumstances prevented him from timely filing his petition. Holland v. Florida, 560 U.S. 631, 649 (2010) (citing Pace v. Diguglielmo, 544 U.S. 408, 418 2005)). The petitioner bears the burden of showing that he is entitled to equitable tolling. Pace, 544 U.S. at 418.

Trapp has sought equitable tolling of the limitations period through his motions to stay. (Docs. 3, 8). Trapp asserts that equitable tolling is warranted due to the COVID-19 pandemic because the state court system "stall[ed]" as a result of the pandemic and because Trapp was subjected to several prison lockdowns to prevent the spread of COVID-19. (Id.) Trapp asserts that he "has made every effort to continuously pursue his rights diligently." (Id.)

Having reviewed Trapp's motions to stay, we will deny the request for equitable tolling. Trapp does not offer any proof that he has been pursuing his rights diligently beyond the conclusory assertion that he "has made every effort to continuously pursue his rights diligently." (Id.) Such conclusory assertions are not sufficient for a petitioner to benefit from the equitable tolling doctrine. See, e.g., Frank v. Clark, No. 1:16-CV-2136, 2017 WL 1105128, at *2 (M.D. Pa. Mar. 24, 2017);

Fernsler v. Dauphin Cty., Pa., No. 1:14-CV-743, 2015 WL 3838077, at *2 (M.D. Pa. June 22, 2015).

Similarly, although the statute of limitations for habeas corpus petitions under § 2254 may be excused if the petitioner makes an adequate showing of his actual innocence, the petitioner bears a heavy burden to meet this exception and can only do so if he can show that no reasonable juror "would have voted to find him guilty beyond a reasonable doubt." See Satterfield v. Dist. Att'y of Philadelphia, 872 F.3d 152, 163 (3d Cir. 2017) (quoting McQuiggin, 569 U.S. at 386). Trapp has not made any argument as to why the actual innocence exception applies and accordingly fails to meet his burden. We will therefore dismiss the petition because it is untimely and there is no basis to excuse the untimeliness or toll the limitations period.

### IV. Trapp's Motions

Having determined that Trapp's petition is untimely, we will deny his motions to appoint counsel. A district court considering a motion to appoint counsel in a civil case must first determine whether the movant's legal claims have some arguable merit in fact and law. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). Trapp's untimely petition does not meet this standard.

We will likewise deny Trapp's motions to stay. In the motions, Trapp seeks equitable tolling of the limitations period applicable to his habeas corpus petition. As noted above, however, Trapp has not made a sufficient showing of diligence to benefit from the equitable tolling doctrine.

## V. <u>Conclusion</u>

We will dismiss the petition with prejudice as untimely and deny petitioner's motions for appointment of counsel and motions to stay. A certificate of appealability will not issue because jurists of reason would not debate that the court's procedural ruling is incorrect. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). An appropriate order shall issue.

                                        <u>/S/ CHRISTOPHER C. CONNER</u>
                                        Christopher C. Conner
                                        United States District Judge
                                        Middle District of Pennsylvania

Dated:    January 4, 2022